UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

GOLDEN BRIDGE LLC, d/b/a GOLDEN BRIDGE FUNDING LLC,

        *Plaintiff*,

– against –

150-30 AVE REALTY LLC; ANDY WEIHAN HO; "JOHN DOE NO. 1 TO 50" inclusive, the last fifty names being fictitious and unknown to plaintiff, the persons or parties intended being the tenants, occupants, persons or corporations, if any, having or claiming an interest in or lien upon the premises described in the complaint,

        *Defendants*.

**MEMORANDUM & ORDER**
23-cv-09045 (NCM) (PK)

---

**NATASHA C. MERLE**, United States District Judge:

Plaintiff Golden Bridge LLC ("Golden Bridge") brings this commercial foreclosure action against defendants 150-30 12 Ave Realty LLC ("Borrower"), and individual defendant Andy Weihan Ho. *See* Compl.; Mot.[1] Plaintiff moves for entry of summary judgment against defendants, dismissal of defendants' affirmative defenses and counterclaim, amendment of the caption of this action to delete defendants sued herein as "John Doe No. 1 to 50", and appointment of a referee to compute the amount due to

---

[1] Hereinafter, the Court refers to plaintiff's Memorandum of Law in Support of its Motion for Summary Judgment, ECF No. 28-15, as the "Motion"; defendant's Memorandum of Law in Opposition to Plaintiff's Motion for Summary Judgment, ECF No. 29-2 as the "Opposition"; and plaintiff's Memorandum of Law in Further Support of its Motion for Summary Judgment, ECF No. 30, as the "Reply."

1

Golden Bridge under the underlying mortgage. *See* Mot. 6.² Defendants oppose. *See* Opp'n. For the reasons that follow, plaintiff's motion for summary judgment is GRANTED.

## BACKGROUND

The following facts are taken from the parties' statements pursuant to Local Civil Rule 56.1, specifically plaintiff's 56.1 statement ("56.1"), *see* ECF No. 28-1, and defendants' counter 56.1 statement ("Counter 56.1"), *see* ECF No. 29-1. On September 3, 2020, plaintiff Golden Bridge loaned Borrower $2,400,000.00. Counter 56.1 ¶ 2.³ As security for this loan, Borrower delivered a Consolidation, Extension, and Modification Agreement ("CEMA") which consolidated certain mortgages into a single lien and encumbered the premises located at 150-30 12th Avenue, Whitestone, New York 11357. Counter 56.1 ¶ 3; *see also* Mot. Ex. B, ECF No. 28-4 at 5; CEMA, Mot. Ex. C, ECF No. 28-5 at 4. On that same date, defendant Andy Weihan Ho, who is also the sole member of defendant Borrower, executed and delivered a Guaranty which guaranteed to Golden Bridge the full and prompt payment of the loan and all associated costs and expenses. Counter 56.1 ¶ 4. The CEMA set a "Due Date" of October 1, 2021. *See* Counter 56.1 ¶ 5; *see also* CEMA 13.

---

² Throughout this opinion, page numbers for docket filings refer to the page numbers assigned in ECF filing headers.

³ In defendants' Counter 56.1 statement, defendants state that "[p]laintiff has failed to show proof funds were transferred to the Defendant." Counter 56.1 ¶ 2. Defendants do not actually deny that funds were transferred. Additionally, defendants admit that Borrower executed and delivered to plaintiff the mortgage agreement which consolidated certain mortgages into a single lien securing the principal amount of $2,400,000 and encumbering the premises described therein, that defendants failed to make payment due and owing under the agreements between the parties, and that Borrower is indebted to plaintiff to $2,400,000.00 in principal, in addition to other associated costs and interest. Counter 56.1 ¶¶ 3–11.

On October 28, 2021, plaintiff and Borrower executed a Note and Mortgage Modification and Extension Agreement, which extended the maturity date of the loan from October 1, 2021 to October 1, 2022. Counter 56.1 ¶ 5; Mot. Ex. E ("Modification Agreement"), ECF No. 28-7. In October 2022, plaintiff and Borrower executed an Extension Agreement, where the maturity date of the loan was extended again from October 1, 2022 to October 2, 2023. Counter 56.1 ¶ 6; Mot. Ex. F ("Extension Agreement"), ECF No. 28-8. Collectively, the parties refer to the Note, CEMA, Mortgage, Guaranty, Modification Agreement, Extension Agreeement, and other related loan documents as the "Loan Documents." 56.1 ¶ 7.

Defendants do not dispute that Borrower subsequently defaulted on its payment obligations under the Loan Documents. Counter 56.1 ¶ 9. On December 8, 2023, Golden Bridge initiated this action to foreclose the mortgage. *See* Compl.; Counter 56.1 ¶ 11. On October 21, 2024, plaintiff filed its motion, which defendants oppose. *See* ECF Nos. 28–30.

On April 17, 2025, the Court issued an Order to Show Cause why the action should not be dismissed for lack of federal subject matter jurisdiction. *See* ECF Order dated April 17, 2025. In the Order, the Court noted that plaintiff had not sufficiently alleged the identity and citizenship of the parties to establish the existence of diversity jurisdiction. Plaintiff responded to the Order on April 25, 2025, and attached a declaration from plaintiff's attorney, a declaration from plaintiff's Chief Executive Officer, and various exhibits to establish that the parties are completely diverse. *See* Rand Declaration, ECF No. 31; Britt Declaration, ECF No. 31-1; Golden Bridge Operating Agreement, ECF No. 31-2; Company Details Document, ECF No. 31-3.

For the reasons that follow, plaintiff's motion for summary judgment is GRANTED.

## LEGAL STANDARD

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A fact is material if it might affect the outcome of the suit under the governing law." *Loreley Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Sec., LLC*, 13 F.4th 247, 259 (2d Cir. 2021).[4] Facts are in genuine dispute when "the jury could reasonably find for" the non-moving party based on the evidence in the record. *Borley v. United States*, 22 F.4th 75, 78 (2d Cir. 2021).

The movant "bears the initial burden of showing that there is no genuine dispute as to a material fact." *Jaffer v. Hirji*, 887 F.3d 111, 114 (2d Cir. 2018). Where the moving party meets their burden, the non-moving party must provide sufficient evidence establishing a genuine issue of material fact beyond "[t]he mere existence of a scintilla of evidence." *Fabrikant v. French*, 691 F.3d 193, 205 (2d Cir. 2012). The court need only consider admissible evidence, and is not obligated to conduct an independent review of the record to identify a factual dispute. *Looney v. Macy's Inc.*, 588 F. Supp. 3d 328, 340 (E.D.N.Y. 2021).

---

4   Throughout this opinion, the Court omits all internal quotation marks, footnotes, and citations, and adopts all alterations, unless otherwise indicated.

## DISCUSSION

### I.  Jurisdiction

Plaintiff seeks to bring this case pursuant to the Court's diversity jurisdiction. Plaintiff's complaint alleges that the Court has subject matter jurisdiction over this action because the parties, which include two limited liability companies, are completely diverse.

The Court has "an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from some party." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006); *see also U.S. Liab. Ins. Co. v. M Remodeling Corp.*, 444 F. Supp. 3d 408, 409 (E.D.N.Y. 2020) ("This Court has an obligation to examine its subject matter jurisdiction sua sponte."). Plaintiff's additional submissions sufficiently establish that the Court has subject matter jurisdiction to hear this dispute. In the instant case, plaintiff claims that the Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332. Compl. ¶ 6. This statute establishes diversity jurisdiction over civil actions between citizens of a State and citizens or subjects of a foreign state where the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a)(2).

When considering diversity jurisdiction, "the citizenship of a limited liability company is determined by the citizenship of each of its members." *Carter v. HealthPort Techs., LLC*, 822 F.3d 47, 60 (2d Cir. 2016). Therefore, to establish the citizenship of a limited liability company, the party alleging diversity jurisdiction must identify the name and citizenship of each member of the limited liability company. *Flemming v. Port Auth. of N.Y. & N.J.*, No. 21-cv-01112, 2021 WL 878558, at *1 (E.D.N.Y. Mar. 9, 2021). Where the membership of a limited liability company includes a corporation, the party alleging diversity jurisdiction must identify the citizenship of that corporation. *Carter*, 822 F.3d at 59–60. For purposes of diversity, a corporation's citizenship is "both of the state in

which it has its principal place of business and of any state in which it is incorporated." *Id.* If a member of a limited liability company is a non-corporate entity, then the party alleging diversity jurisdiction must allege the identity and citizenship of that entity's members, "proceeding up the chain of ownership until it has alleged the identity and citizenship of every individual and corporation with a direct or indirect interest in the LLC." *U.S. Liab. Ins. Co.*, 444 F. Supp. 3d at 410.

On April 17, 2025, the Court ordered plaintiff to show cause why the case should not be dismissed for lack of federal subject matter jurisdiction. *See* ECF Order dated April 17, 2025. In particular, the Court noted that the citizenships of plaintiff Golden Bridge LLC and defendant 150-20 12 Ave Realty LLC were not sufficiently alleged in plaintiff's complaint. Specifically, plaintiff alleges both Golden Bridge LLC and 150-30 12 Ave Realty LLC have a sole member, yet did not provide the identity of the sole members, and for plaintiff, the citizenship of its sole member. Compl. ¶¶ 1–2.

In response to the Court's order to show cause, plaintiff identified the sole member of plaintiff Golden Bridge LLC as Tandem Capital Investments Ltd. ("Tandem"), an Israeli corporation with a principal place of business in Israel. *See* Response to Order to Show Cause ("Response"), ECF No. 31 ¶¶ 3–4. In support, plaintiff attached Golden Bridge LLC's operating agreement, which identifies Tandem as its sole member. Response Ex. A. Plaintiff also attached a copy of the company details of Tandem from the Israeli Corporations Authority showing that Tandem is incorporated under the laws of Israel where it maintains its principal place of business. Response Ex. B.

To establish the citizenship of defendant 150-30 12 Ave Realty, plaintiff points to the Consolidated Mortgage Note and Consolidated Mortgage which were signed by defendant Ho and identified Ho as the sole member of 150-30 12 Ave Realty, *see* Response

6

¶¶ 5–10, and defendants' response to plaintiff's Local Rule 56.1 statement of material facts which admitted the execution and authenticity of the Loan Documents, *see* Response ¶ 9.

To establish the citizenship of defendant Ho, plaintiff points to its allegation in the complaint, admitted by defendants, that Ho is an individual residing in the State of New York. Response ¶ 12; Compl. ¶ 3. However, residence alone is insufficient to establish citizenship. Instead, the question of an individual's citizenship is determined by that individual's domicile, which is where that individual has a "true fixed home and principal establishment, and to which, whenever he is absent, he has the intention of returning." *Linardos v. Fortuna*, 157 F.3d 945, 948 (2d Cir. 1998). Thus, alleging Ho's residence is not sufficient to establish diversity jurisdiction. *See Burton v. PGT Trucking, Inc.*, No. 16-cv-09985, 2018 WL 2849721, at *1 n.1 (S.D.N.Y. June 11, 2018). Nevertheless, plaintiff's complaint also alleges that the sole member of 150-30 12 Ave Realty LLC is a citizen of the state of New York, an allegation admitted by defendants in their answer. Compl. ¶ 2; Answer, ECF No. 17 ¶ 2. *See also In re Agent Orange Prod. Liab. Litig.*, 611 F. Supp. 1290, 1293 (E.D.N.Y. 1985), *aff'd*, 818 F.2d 210 (2d Cir. 1987) (plaintiff's failure to deny defendants' assertion that he was a citizen of Nevada in its removal papers constituted admission of citizenship). Thus, the Court is satisfied that defendant Ho is a citizen of the State of New York, and that defendant 150-30 12 Ave Realty LLC is also a citizen of the State of New York by extension.

As plaintiff is a citizen of Israel, and defendants are citizens of the state of New York, this action is between "citizens of a State and [a] citizen[] or subject of a foreign state" pursuant to 28 U.S.C. § 1332(a)(2). Additionally, as the amount in controversy exceeds $75,000, plaintiff has established that the Court has diversity jurisdiction over this foreclosure action. Federal courts sitting in diversity apply the substantive law of the

forum state. *Burt Rigid Box, Inc. v. Traveler's Prop. Cas. Corp.*, 302 F.3d 83, 91 (2d Cir. 2002).

## II. Foreclosure of Mortgage against Borrower

Under New York law, "a plaintiff establishes its prima facie entitlement to summary judgment" in a foreclosure action "by producing evidence of the mortgage, the note, and the defendant's default." *Gustavia Home, LLC v. Rutty*, 785 F. App'x 11, 14 (2d Cir. 2019). Accordingly, where the note and mortgage are produced to the Court, "along with proof that the Mortgagor has failed to make payments due under the Note," then "summary judgment in a mortgage foreclosure action is appropriate[.]" *Bank of Am., Nat. Ass'n v. Commack Props., LLC*, No. 09-cv-05296, 2010 WL 5139219, at *4 (E.D.N.Y. Dec. 10, 2010). "Once a plaintiff mortgagee in a foreclosure action has established a prima facie case[,] it has a presumptive right to foreclose that can only be overcome by an affirmative showing by the mortgagor." *Golden Bridge LLC v. DGS18 Realty LLC*, No. 22-cv-05857, 2024 WL 22784, at *2 (E.D.N.Y. Jan. 2, 2024). Thus, summary judgment will be appropriate unless the defendant can "demonstrate the existence of a triable issue of fact as to a bona fide defense to the action, such as waiver, estoppel, bad faith, fraud, or oppressive or unconscionable conduct on the part of the plaintiff." *Gustavia Home*, 785 F. App'x at 14.

Here, plaintiff has established a prima facie entitlement to a judgment of foreclosure against defendant Borrower. Plaintiff has presented the Loan Documents, which included the Note and the Consolidated Mortgage. *See* Britt Dec. Ex. B.; Britt Decl. Ex. C. *See* Counter 56.1 ¶¶ 9–11. Next, plaintiff has established defendants' default on its obligations under the Loan Documents. Plaintiff's statement of material fact asserts that Borrower failed to make required monthly payments on the maturity date of the loan.

8

56.1 ¶ 9. In response, defendants state: "Plaintiff has failed to show they gave the Defendant a notice of default." Counter 56.1 ¶ 9. Defendants do not contest they failed to make the required monthly payments, instead, they allege plaintiff did not give them notice of the default. The Court considers this response an admission that defendant Borrower failed to make required payments on the maturity date of the loan. *See* Fed. R. Civ. P. 56(e) ("If a party . . . fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . consider the fact undisputed for purposes of the motion."); *Falls Lake Nat'l Ins. Co. v. Kalnitech Constr. Corp.*, No. 22-cv-01473, 2025 WL 913781, at *3 n.11 (E.D.N.Y. Mar. 26, 2025) ("Failure to expressly deny a statement of material fact or provide contrary evidence constitutes an admission."). Thus, defendants have admitted default. Last, defendants admit that they have failed to cure their default, and therefore they are indebted to plaintiff in the principal amount of $2,400,000.00 plus additional interest and associated costs and fees as set forth in the Loan Documents. *See* Counter 56.1 ¶¶ 10–11.

Plaintiff has demonstrated prima facie entitlement to a judgment of foreclosure because it has produced the note, mortgage, and established that Borrower has defaulted. Therefore, plaintiff has established a presumptive right to foreclose that may only be overcome if defendants establish a bona fide defense to the action.

### A. Notice requirements

Defendants' only argument in opposition to plaintiff's motion for summary judgment is that defendants were not given notice of default. *See* Opp'n 4. This argument is unavailing.

New York law does not require notice of default prior to initiating a foreclosure action where the property at issue is not in use as a residence. *See Ponce De Leon Fed.*

9

*Bank v. Grameen Nobel Realty, LLC*, 46 Misc. 3d 1209(A), at *3 (N.Y. Sup. Ct. 2015) ("[A]bsent language in a mortgage to the contrary, there is no requirement in New York that a defaulting commercial borrower be given written notice of the default, or opportunity to cure the default prior to the lender's commencing a foreclosure action."); *see also Wilmington Tr., Nat'l Ass'n as Tr. for Registered Holders of Credit Suisse First Bos. Mortg. Sec. Corp. v. Lott Ave. Owner, LLC*, No. 22-cv-02437, 2024 WL 1973363, at *3 (E.D.N.Y. May 3, 2024) ("New York law does not require notice in a *commercial* mortgage foreclosure action.") (emphasis in original). Nevertheless, the parties may agree to require notice prior to a commercial foreclosure action if that agreement is reflected in the mortgage.

Defendants argue that they were not given notice of default prior to the initiation of the instant foreclosure action despite notice being "required by the terms of the mortgage as a condition precedent to foreclosure." Opp'n 4. Defendants argue that the failure to give notice "creat[es] a genuine material issue of fact." Opp'n 4. In reply, plaintiff argues that the note and mortgage do not require a notice of default. Reply 4. Defendants do not point to language in the loan documents requiring plaintiff give notice prior to initiating a foreclosure action, nor does the Court's review of the Loan Documents reflect that such notice was required. Additionally, the parties do not dispute that this is a commercial foreclosure action, for which notice is not required pursuant to New York law. Compl. ¶ 8; Counter 56.1 ¶ 1.

Thus, there is no requirement, pursuant to either New York law or the terms of the parties' agreement, that this commercial foreclosure action be preceded by notice other than service of the summons and complaint. Accordingly, defendants' attempt to raise the issue of notice does not overcome plaintiff's presumptive right to foreclose.

### B. *Defendants' abandoned affirmative defenses*

Plaintiff next moves for summary judgment on all of defendants' affirmative defenses. Mot. 13–18. Defendants present no arguments in opposition. *See generally* Opp'n. In reply, plaintiff argues that the Court should find that defendants' affirmative defenses are waived because the defenses are not addressed in opposition to plaintiff's motion for summary judgment. Reply 8–9. The Court agrees.

Having failed to present arguments in opposition to plaintiff's motion for summary judgment, defendants' affirmative defenses are waived. *See Summit Health, Inc. v. APS Healthcare Bethesda, Inc.*, 993 F. Supp. 2d 379, 397 (S.D.N.Y. 2014); *Taylor v. City of New York*, 269 F. Supp. 2d 68, 75 (E.D.N.Y. 2003) (granting summary judgment on affirmative defenses where opposing party failed to respond to arguments); *Nissan Motor Acceptance Corp. v. Nemet Motors, LLC*, No. 19-cv-03284, 2022 WL 4651667, at *3 (E.D.N.Y. Sept. 29, 2022) (finding defendants waived affirmative defenses to foreclosure action where they declined to assert any of the defenses previously raised). Even if defendants had presented arguments as to these affirmative defenses, these defenses fail for the reasons stated below.

### i. Plaintiff has stated a cause of action

Defendants' first affirmative defense alleges that plaintiff has failed to state a claim upon which relief may be granted or for which damages can be awarded. Answer ¶ 31. Defendants present no support for this defense in either their Answer or their Opposition to plaintiff's Motion. As stated above, plaintiff's complaint states a cause of action for foreclosure. Plaintiff alleges that it holds a note for payment of $2,400,000.00, and that for security of that amount Borrower executed an agreement consolidating several mortgages and encumbering the premises which plaintiff seeks to foreclose. Compl. ¶¶ 8–

11

11. Plaintiff's complaint alleges that defendants defaulted under the terms of the consolidated mortgage, which entitles plaintiff to a judgment of foreclosure. As discussed *supra*, plaintiff has supported these allegations through documentary evidence and admissions by defendants sufficient to entitle plaintiff to a judgment of foreclosure.

Accordingly, defendants' first affirmative defense is DISMISSED.

### ii. Defendants' conclusory affirmative defenses are dismissed

Plaintiff next argues that defendants' second, fourth, fifth, and seventh affirmative defenses should be dismissed because they are "nothing more than conclusory allegations without any supporting details." Mot. 5. These affirmative defenses assert that plaintiff's alleged damages "were a result of the negligent, illegal, or improper conduct of Plaintiff[]," that plaintiff's losses "were caused in whole or part by the culpable conduct of Plaintiff," that plaintiff "assumed the risk of the conduct and circumstances that caused the loss and damages," and that any recovery would "unjustly enrich" plaintiff at the expense of defendants. Answer ¶¶ 32, 34–35, 37. These conclusory statements are unaccompanied by any factual allegations or support.

Therefore, defendants' second, fourth, fifth, and seventh defenses are DISMISSED.

### iii. Defendants' defense of unclean hands is dismissed

Plaintiff next argues that defendants' third affirmative defense of unclean hands should be dismissed. Mot. 16. Plaintiff argues that the New York Court of Appeals has held that unclean hands is not a defense to a mortgage foreclosure action, and even if it could be asserted, defendants have not alleged any wrongful conduct by plaintiff. Mot. 16. The Court agrees.

The doctrine of unclean hands "applies when the complaining party shows that the offending party is guilty of immoral, unconscionable conduct and even then only when

12

the conduct relied on is directly related to the subject matter in the litigation and the party seeking to invoke the doctrine was injured by such conduct." *Gustavia Home, LLC v. Hoyer*, 362 F. Supp. 3d 71, 89 (E.D.N.Y. 2019). First, several courts have found that unclean hands is not a defense to a foreclosure action. *See CitiMortgage, Inc. v. Bennett*, 116 N.Y.S.3d 858 (N.Y. Sup. Ct. 2019) ("[T]he Court of Appeals [has] held that the doctrine of unclean hands does not apply to the statutory procedure of foreclosure."). Second, even if defendants could show that unclean hands is a recognized defense to foreclosure, defendants have failed to allege any facts in support of this defense sufficient to overcome plaintiff's motion for summary judgment. *Green Mountain Holdings (Cayman) Ltd. v. La Hacienda Bufeis LLC*, No. 21-cv-00574, 2023 WL 11804095, *12 (E.D.N.Y. Mar. 6, 2023), *report and recommendation adopted in part, rejected in part*, 2024 WL 1926076 (May 2, 2024) (recommending dismissal of defendants' unclean hands defense where defendants asserted the defense in answer with no specificity or supporting facts).

Thus, defendants' third affirmative defense of unclean hands is DISMISSED.

### iv. Plaintiff's claims are timely

Plaintiff next moves to dismiss defendants' affirmative defenses which assert that plaintiff's claims are untimely. Mot. 16–17. Defendants' sixth and eighth affirmative defenses assert that plaintiff's claims are barred by the applicable statute of limitations and by the equitable doctrine of laches. These defenses are without merit.

Mortgage foreclosure actions are governed by a six-year statute of limitations. CPLR § 213(4); *see also HBSC Bank USA, Nat'l Ass'n v. Mohammed*, 233 A.D.3d 1060, 1061 (2d Dep't 2024) ("An action to foreclose a mortgage is governed by a six-year statute of limitations."). Additionally, the doctrine of laches "bars recovery where a party's

13

inaction has prejudiced another party, making it inequitable to permit recovery." *Hudson City Sav. Bank v. Hossain*, 121 N.Y.S.3d 85, 87 (2d Dep't 2020).

Defendants offer no factual support for their timeliness defenses. *See* Answer ¶¶ 36, 38; *see generally* Opp'n. Plaintiff brought this foreclosure action less than three months after defendants defaulted on their obligations, and thus well within the six-year statute of limitations. Defendants have also offered no support for the conclusion that they have been unduly prejudiced by a delay of less than three months between the default on their loan obligations and the initiation of this action.

Defendants' sixth and eight affirmative defenses are therefore DISMISSED.

### v. Plaintiff is in direct privity with defendants

Defendants' ninth affirmative defense argues that plaintiff's claims are "barred due to lack of privity." Answer ¶ 39. Not only do defendants fail to address this defense in opposition to plaintiff's motion for summary judgment, defendants admit that Borrower executed and delivered to plaintiff the consolidated mortgage agreement securing the amount of $2,400,000.00 and encumbering the real property at issue in this action. Counter 56.1 ¶ 3.

Notwithstanding the fact that defendants have offered no argument in support of this affirmative defense, the undisputed facts show that defendant 150-30 12 Ave Realty LLC is the original borrower in this agreement and plaintiff is the original lender. Accordingly, defendant is in direct privity with plaintiff. *See Wilmington Sav. Fund. Soc'y, FSB v. Matamoro*, 200 A.D.3d 79, 90–91 (2d Dep't 2021) (noting that a plaintiff has standing in a mortgage foreclosure action where the plaintiff is the original lender in direct privity with the defendant).

Thus, defendants' ninth affirmative defense of lack of privity is DISMISSED.

<u>vi. Defendants' catch-all affirmative defense is dismissed</u>

Defendants' tenth affirmative defense reserved defendants' "right to bring any additional affirmative defenses that become known during the litigation of this matter." Answer ¶ 41. Plaintiff correctly notes that this is not a defense, *see* Mot. 18, and having no argument by defendants in support of this "Tenth Affirmative Defense," this defense is DISMISSED.

### III. Judgment against Guarantor

A guaranty is a "promise to fulfill the obligations of another party, and is subject to the ordinary principles of contract construction." *Cooperatieve Centrale Raiffeisen-Boerenleenbank, B.A. v. Navarro*, 25 N.Y.3d 485, 492 (2015). To establish a prima facie case of entitlement to judgment against a guarantor, the plaintiff must "prove (1) the existence of the guaranty, (2) the underlying debt, and (3) the guarantor's failure to perform under the guaranty." *Wilmington Tr., Nat'l Ass'n as Tr. for Registered Holders of Credit Suisse First Bos. Mortg. Sec. Corp. v. Lott Ave. Owner, LLC*, No. 22-cv-02437, 2024 WL 1973363, at *3 (E.D.N.Y. May 3, 2024). Thus, where a plaintiff submits "proof of the note, the guarantees, and the failure to make payment in accordance with their terms," summary judgment against the guarantor may be appropriate if the guarantor fails to raise a triable issue of fact. *Key Bank of Long Island v. Burns*, 162 A.D.2d 501, 502 (2d Dep't 1990); *see also Fleet Bank v. M & Z Headwear, Inc.*, 764 N.Y.S.2d 474, 475 (2d Dep't 2003). Additionally, guarantees that are "absolute and unconditional" have been found by New York courts "to preclude guarantors from asserting a broad range of defenses." *Cooperatieve*, 25 N.Y.3d at 493.

Here, it is undisputed that Borrower is indebted to the plaintiff in the "principal amount of $2,400,000.00," in addition to other costs, expenses, interest and late

15

payments as set forth in the Loan Documents. Counter 56.1 ¶ 11. It is also undisputed that defendant Ho "absolutely, unconditionally, and irrevocably guaranteed to Golden Bridge and its successors and assigns the full and prompt payment of the Loan[.]" Counter 56.1 ¶ 4. As plaintiff has established entitlement to summary judgment against Borrower based on Borrowers default, and Ho has failed to raise a triable issue of fact which would preclude liability, plaintiff is entitled to judgment against defendant Ho as Guarantor.

## IV. Defendants' counterclaim for unjust enrichment

Defendants' answer asserted a counterclaim for unjust enrichment, which alleged that plaintiff "has unjustly enriched [itself] at Defendants' expense, in contravention of the principles of equity and the parties' understanding." Answer ¶ 43. Plaintiff moves to dismiss this counterclaim as "merely conclusory" and unsupported by any factual allegations. Mot. 15. Defendants do not respond to this argument. *See generally* Opp'n.

The elements of a claim for unjust enrichment are: "(1) the defendant was enriched; (2) the enrichment was at the expense of the plaintiff; and (3) it would be inequitable to allow the defendant to retain that which is claimed by the plaintiff." *Barker v. Gervera*, 230 N.Y.S.3d 834, 843 (4th Dep't 2025). Unjust enrichment is a quasi-contract claim which arises in the absence of an agreement. *Goldman v. Metro. Life Ins. Co.*, 5 N.Y.3d 561, 587 (2005). Where the matter at issue is controlled by a valid and enforceable agreement, this agreement generally precludes recovery in quasi-contract. *Id.* ("[T]here was no unjust enrichment because the matter is controlled by contract.").

Here, the parties' dispute is governed by written agreement, which precludes a claim of unjust enrichment. *See* Counter 56.1 ¶¶ 1–7. Additionally, there are no factual allegations which would support a claim of unjust enrichment against Golden Bridge in

16

the record before the Court. Therefore, defendants have failed to carry their burden on this claim. Accordingly, defendants' counterclaim for unjust enrichment is DISMISSED.

## CONCLUSION

For the reasons stated above, plaintiff's motion for summary judgment is GRANTED as to plaintiff's claim for foreclosure on the subject property and judgment against defendant Ho as Guarantor, defendants' affirmative defenses and counter-claim are dismissed, and the case caption is amended to strike the names of ficticious "John Doe No. 1 to 50." The Court grants plaintiff's request to appoint a referee to compute the amounts due under the Loan Documents.

No later than June 30, 2025, the parties are directed to provide the Court with a joint list of three prospective referees, including their *curriculum vitae*, demonstrating their qualification as a referee in this matter.

**SO ORDERED.**

　　　　　　　　　　　　　　　　　　　　　　　/s/ Natasha C. Merle
　　　　　　　　　　　　　　　　　　　　　　　NATASHA C. MERLE
　　　　　　　　　　　　　　　　　　　　　　　United States District Judge

Dated:　　May 30, 2025
　　　　　　Brooklyn, New York

17